**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan GARCIA–HERNANDEZ,
Defendant–Appellant.**

**No. 05–51499
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 8, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

---

Lucien B. Campbell, Federal Public Defender, Carolyn M. Fuentes, Federal Public Defender's Office, San Antonio, TX, for Defendant–Appellant.

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM: *

Juan Garcia–Hernandez appeals the 57–month sentence imposed following his plea of guilty of illegally reentering the United States after deportation. He contends that his sentence is unreasonable in light of 18 U.S.C. § 3553(a).

Garcia's sentence is within a properly calculated advisory guideline range and is presumed reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir.2006). Such a sentence is given "great deference," and we infer that the sentencing court considered all the factors for a fair sentence under § 3553(a). *See United States v. Mares*, 402 F.3d 511, 519–20 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005). Garcia has failed to rebut the presumption that his sentence, which is at the bottom of the applicable sentencing guideline range, is reasonable. *See Alonzo*, 435 F.3d at 554.

Garcia challenges 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Garcia's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Garcia contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See Rangel–Reyes v. United States*, —— U.S. ——, 126 S.Ct. 2873, 165 L.Ed.2d 910 (2006); *United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Garcia properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.